UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:93-HC-388

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>       Petitioner,<br><br> v.<br><br>DONALD FINDLEY,<br><br>       Respondent. | ORDER |

This matter is before the court on respondent's 21 July 2010 request for release, which was submitted as a letter to the court. The letter was submitted by Mr. William J. Meagher on respondent's behalf,[1] and Mr. Meagher identifies himself as respondent's "Next Friend/Pro-se Counsel." (7/21/10 Letter at 2.) In this letter, Mr. Meagher and respondent "humbly pray for this Honorable Court to direct that the Medical Center make arrangements for [respondent's] care in his home community. . . ." (Id.) As a result, the court interprets the letter as a motion for a hearing pursuant to 18 U.S.C. § 4247(h) to determine whether respondent should be discharged from the Federal Medical Center, Butner, North Carolina.

In 1993, respondent was committed to the custody and care of the Attorney General pursuant to 18 U.S.C. § 4246(d). By order filed 4 October 2000, respondent was conditionally released from custody pursuant to 18 U.S.C. § 4246(e). On 11 January 2008, the government filed a motion to revoke respondent's conditional release. On 13 May 2008, respondent's

---

[1] The letter to the court was signed both by Mr. Meagher and by respondent. Respondent's signature comes immediately after the following statement: "I authorize the foregoing on my behalf by my **Next Friend**, Mr. Meagher." (7/21/10 Letter at 2.)

conditional release was revoked by this court, and respondent was again remanded to the custody and care of the Attorney General.

Once an individual has been committed pursuant to 18 U.S.C. § 4246(d), there are only two methods by which that person may be deinstitutionalized. Under one method, the director of the facility in which the respondent is hospitalized may file a certificate with the court stating that the respondent is no longer in need of care:

> When the director of the facility in which a person is hospitalized pursuant to subsection (d) determines that the person has recovered from his mental disease or defect to such an extent that his release would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment.

18 U.S.C. § 4246(e). The other method by which a person may be deinstitutionalized is set forth in 18 U.S.C. § 4247(h):

> Regardless of whether the director of the facility in which a person is hospitalized has filed a certificate pursuant to [18 U.S.C. § 4246(e)], <u>counsel for the person or his legal guardian</u> may, at any time during such person's hospitalization, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility . . . .

(emphasis added).

As demonstrated above, only the respondent's attorney[2] or legal guardian may formally request a hearing to determine whether the respondent should continue treatment in a psychiatric facility in the absence of a certificate from the director of the facility. In this case, Mr. Meagher represents himself as being respondent's "next friend," a term which is often used

---

[2] The court notes that respondent is represented by the Office of the Federal Public Defender with regard to matters connected to his commitment.

2

interchangeably with the term *guardian ad litem*. See 53 Am. Jur. 2d Mentally Impaired Persons § 161 (2010). "The appointment of a *guardian ad litem* is largely prescribed by federal and state statutes . . . ." Id.

Here, Mr. Meagher does not claim to have been legally appointed as respondent's guardian and has not submitted any evidence to show that he is in fact respondent's legal guardian.[3] As a result, he is not authorized by 18 U.S.C. § 4247(h) to make a motion for hearing on respondent's behalf. Furthermore, the court may not conduct such a hearing sua sponte. See United States v. Hunter, 985 F.2d 1003, 1006 (9th Cir. 1993), vacated as moot, 1 F.3d 843 (9th Cir. 1993). Thus, for the foregoing reasons, the court DENIES the 21 July 2010 motion.

This 7 September 2010.

  W. Earl Britt
  Senior U.S. District Judge

---

[3] To the extent that the 21 July 2010 letter can be interpreted as a request to appoint Mr. Meagher as respondent's guardian pursuant to Fed. R. Civ. P. 17(c), the court does not see a need for the appointment of a guardian in this case. "[A]ppointment of a guardian in this action is discretionary. See Fed. R. Civ. P. 17(c)(2) ('The court *must* appoint a guardian ad litem ... to protect a minor or incompetent person who is *unrepresented* in an action')." Bose v. City of New York, 2008 WL 564761 (E.D.N.Y. 2008) at *2 n.1. Here, respondent is represented by counsel, who necessarily has a fiduciary responsibility to him. Id.

3